IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP W. O'QUINN,
    Petitioner,

vs.                                        Case No.: 3:18cv9/MCR/EMT

JULIE JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 14). The court provided Petitioner an opportunity to respond to the motion to dismiss (*see* ECF Nos. 15, 17), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented in Respondent's motion to dismiss, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is

further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 14).[1] Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 2009-CF-1005, with one count of burglary of an unoccupied dwelling (Count 1), one count of grand theft (over $20,000 but less than $100,000) (Count 2), and one count of criminal mischief ($1,000 or greater) (Count 3) (Ex. A). On March 3, 2010, Petitioner signed a written plea agreement, pursuant to which he agreed to enter a "straight up" plea of nolo contendere to the charges, with no agreement with the State as to Petitioner's sentence (Ex. B). On May 10, 2010, the trial court accepted the plea, adjudicated Petitioner guilty, and sentenced him to 96 months in prison on Counts 1 and 2, and 60 months in prison on Count 3 (Ex. C). The judgment, which rendered on June 4, 2010, stated, "Each count in this judgment is to run consecutive with each other in Okaloosa County, Florida" (*see id.*).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 14) unless otherwise indicated. If an exhibit has more than one page number, the court cites to the "Bates stamp" page number. Citations to the parties' pleadings refer to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 3:18cv9/MCR/EMT

On June 2, 2010, prior to rendition of the judgment, Petitioner filed a motion to mitigate sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. D). An amended judgment was rendered on June 21, 2010 (Ex. F). The court denied the motion to mitigate sentence in an order rendered June 23, 2010 (Ex. E). Petitioner did not directly appeal the original or amended judgment (*see* ECF No. 1 at 2).

On October 4, 2011, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 1–17). Petitioner presented four claims of ineffective assistance of trial counsel ("IATC"), all of which raised challenges to his plea on the ground that he entered the plea with the understanding that his sentences on the three counts would run concurrently with each but consecutive to his sentence in an unrelated case (apparently out of Escambia County, Florida) (*id.*). The State filed a Response, conceding that the written judgment erroneously stated that the trial court ordered the sentences on the Okaloosa charges to run consecutive to each other, and that the trial court had ordered Petitioner's sentences to run concurrently with each other but consecutive to Petitioner's sentence in the Escambia County case (*see* Ex. I). Petitioner filed a Reply, requesting that the court strike his Rule 3.850 motion and

treat it as a motion to correct illegal sentence under Rule 3.800(a) (Ex. J). On January 9, 2012, the circuit court directed the clerk of court to prepare an amended Judgment and Sentence to reflect that the Okaloosa County sentences were to run concurrently with each other but consecutive to any other sentence Petitioner was presently serving (*see* Ex. K). On January 17, 2012, the circuit court dismissed Petitioner's Rule 3.850 motion (*see id.*). The second amended judgment rendered July 2, 2012 (Ex. L).

On March 10, 2016, Petitioner filed a Rule 3.850 motion in the state circuit court alleging that his plea was based upon trial counsel's erroneous advise that DNA testing by the Florida Department of Law Enforcement ("FDLE") directly implicated Petitioner in the crimes (Ex. M at 1–21). Petitioner alleged he obtained a copy of the FDLE report on August 27, 2014, which stated he was a "possible minor contributor" but not the "major contributor" to evidence found at the crime scene (specifically, a "tire tool") (*id.*). On April 7, 2016, the circuit court struck the Rule 3.850 motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within 60 days (*id.* at 94–95). Petitioner filed an amended Rule 3.850 motion on June 7, 2016 (*id.* at 96–108). On June 30, 2016, the circuit court dismissed the motion with prejudice, on the ground that Petitioner's IATC claim was untimely, and his allegations failed to state a claim of newly discovered evidence (*id.* at 190–92).

Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D16-3507 (*see* Ex. N). The First DCA affirmed the decision per curiam without written opinion on January 11, 2017, with the mandate issuing February 7, 2017 (Ex. P). O'Quinn v. State, 222 So. 3d 1210 (Fla. 1st DCA 2017) (Table).

Petitioner filed the instant § 2254 petition on January 3, 2018 (ECF No. 1 at 1). He claims he entered his plea based upon trial counsel's informing him that the DNA evidence was "significant" and would result in a conviction (*id.* at 6). Petitioner claims he requested a copy of the FDLE report multiple times throughout the proceedings, but was not able to obtain the report until 2014, four years after his conviction and sentence became final (*id.*). Petitioner claims that if the FDLE report had been made available to him prior to entry of his plea, he would not have entered a plea and instead would have proceeded to trial (*id.* at 7). Petitioner claims that the state courts' dismissal of his Rule 3.850 motion was contrary to or an unreasonable application of clearly established federal law, or based upon an unreasonable determination of the facts (*id.* at 6–9).

II.    ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 14 at 4). Respondent contends Petitioner's second amended judgment became final on August 1, 2012, which was thirty (30) days after it was rendered (*id.*). Respondent contends the federal filing deadline expired one

year later; therefore, the § 2254 petition was filed over four years too late (*see id.* at 5–10).

Petitioner concedes that his habeas petition is untimely (*see* ECF No. 1 at 17–18). Nevertheless, he contends he qualifies for federal review of his claim through the "cause and prejudice" and "miscarriage of justice" exceptions to the time bar (*id.*).

If the federal limitations period was triggered by the finality date of the judgment, pursuant to § 2244(d)(1)(A), the limitations period would begin to run on August 3, 2012, the day after the amended judgment became final.[2] Under this trigger, the limitations period would expire one year later, on August 3, 2013. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

However, if the federal limitations period was triggered by the date Petitioner obtained a copy of the FDLE report, pursuant to § 2244(d)(1)(D), the limitations

---

[2] The state court record demonstrates that the amended judgment rendered July 2, 2012 (Ex. L). Petitioner did not appeal it, therefore, it became final thirty (30) days later, on August 2, 2012. *See* Fla. R. App. P. 9.140(b)(3). The federal limitations period commenced the next day, on August 3, 2012. *See* Fed. R. Civ. P. 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." ); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Case No.: 3:18cv9/MCR/EMT

period would begin to run on August 27, 2014, the date Petitioner received a copy of the report (*see* Ex. M at 100). Under this trigger, the limitations period would expire one year later, on August 27, 2015.

Even if the court gave Petitioner the benefit of the later trigger of August 27, 2014, his § 2254 petition is still untimely. Although the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period, *see* 28 U.S.C. § 2244(d)(2), Petitioner did not have any state post-conviction applications pending from August 27, 2014 to August 27, 2015. The only post-conviction application filed by Petitioner after the second amended judgment rendered was his Rule 3.850 motion. But he filed that motion on March 10, 2016, which was <u>after</u> the federal limitations period expired; therefore, the Rule 3.850 motion did not toll federal limitations period. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner contends his late filing was caused by his trial counsel's failure to provide him with a copy of the FDLE report until August 27, 2014. But Petitioner failed to demonstrate that the late filing of his § 2254 petition was caused by counsel's

delay in providing him with a copy of the FDLE report. Petitioner admits he received a copy of the FDLE report on August 27, 2014, yet he delayed over a year (indeed, he delayed eighteen (18) months) before he filed an application for either state or federal post-conviction relief. Petitioner thus has not shown that counsel's delay prevented him from filing his § 2254 petition on time (i.e., prior to August 27, 2015).

Petitioner also contends he is entitled to review of his § 2254 petition under the "miscarriage of justice" exception to the procedural bar because he is actually innocent of the offenses for which he was convicted. In McQuiggin v. Perkins, 569 U.S. 383, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court recognized that actual innocence, if proved, serves as a gateway through which a petitioner may pass to obtain federal habeas review. 569 U.S. at 386. The Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

The Supreme Court stated in Schlup:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

Petitioner contends the FDLE report demonstrates that no reasonable fact-finder would have found that he committed the underlying offenses (*see* ECF No. 1 at 8). However, the FDLE report is not exculpatory.  The report states that Petitioner does not match the DNA profile of the major contributor of the DNA discovered on the "tire tool" used in the burglary, but the FDLE report still identifies Petitioner as a "possible minor contributor" (*see* Ex. M at 181).  Additionally, the arrest report/probable cause affidavit, which Petitioner agreed provided a factual basis for his plea (*see* Ex. B), references other evidence upon which a reasonable fact-finder could find guilt beyond a reasonable doubt, notably, the statement of Mr. William Glenn Snyder, Petitioner's cell mate at the Escambia County Jail, who told Detective Jason Oury that Petitioner confessed to the burglary (*see* Ex. M at 121–27). Petitioner has not persuaded this court that, in light of the FDLE report, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

III.   CONCLUSION

Petitioner failed to file his federal habeas petition within the one-year limitations period, and he has failed to demonstrate he is entitled to review of his petition through any recognized exception to the time bar. Therefore, his habeas petition should be dismissed as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. —, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 14) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of November 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**